KD-1 Doe v MC-Doe (2025 NY Slip Op 05303)

KD-1 Doe v MC-Doe

2025 NY Slip Op 05303

Decided on October 02, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 02, 2025

Before: Manzanet-Daniels, J.P., Friedman, Pitt-Burke, Rosado, Chan, JJ. 

Index No. 952138/23|Appeal No. 4795|Case No. 2024-03260|

[*1]KD-1 Doe, Plaintiff-Appellant,
v
MC-Doe, Defendant-Respondent.

Law Office of Michael G. Dowd, Lake Success (Michael G. Dowd of counsel), for appellant.
Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for respondent.

Order, Supreme Court, New York County (Lyle E. Frank, J.), entered on or about May 14, 2024, which, inter alia, granted defendant's motion to dismiss the complaint and denied plaintiff's cross-motion for leave to amend the complaint and consolidate this action with the action captioned KD v MC pending at index No. 157764/13, unanimously affirmed, without costs.
Dismissal of this appeal is not warranted on the ground that it was taken from an order issued on default. Although plaintiff did not oppose defendant's motion to dismiss, she did not fail entirely to respond but instead submitted a timely response, which conceded the appropriateness of dismissal and requested alternative relief (i.e., leave to amend the complaint) (compare Helm v PHH Mtge. Corp., 193 AD3d 420 [1st Dept 2021]).
The motion court did not improvidently exercise its discretion in declining to consolidate this action with the prior related action and opting instead to dismiss the instant action in favor thereof. It is undisputed that both actions involve the same parties and arise out of the same underlying events, and that the prior action has advanced to a later litigation stage. Dismissing this action would not undermine the policy behind the Adult Survivor's Act (ASA) (CPLR 214-j) because plaintiff could have amended her complaint in the prior action to add her new claim under the ASA but inexplicably opted not to — at least not until after it was too late.
In view of our disposition of this issue, we need not reach the parties' arguments with respect to the meritoriousness of the proposed new claim.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 2, 2025